IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LEADSPRING, LLC                                                                                          PLAINTIFF

v.                                              Case No. 6:20-cv-6043

WILLIAM R. ROBINS
A/K/A WILL ROBINS
D/B/A GENTLEMAN OF THE INTERNET, LLC;
and GENTLEMEN OF THE INTERNET, LLC                                              DEFENDANTS

**MEMORANDUM OPINION and ORDER**

Before the Court is Plaintiff's Motion for Summary Judgment against Separate Defendant William R. Robins a/k/a Will Robins d/b/a Gentlemen of the Internet, LLC ("Robins"). ECF No. 54. Robins, representing himself in this matter, has not filed a response, and the time for response has passed. The Court finds this matter ripe for consideration.

**I.   BACKGROUND**

This is a breach of contract case. Plaintiff, Leadspring, LLC, entered into an asset purchase agreement ("Contract") with Gentleman of the Internet, LLC. The contract identifies Gentleman of the Internet, LLC as the "Buyer," who agreed to purchase a website from Leadspring for $715,000.00. The Contract is dated April 3, 2019, and signed by Matthew Elmore, the organizer of Leadspring, and Will Robins. According to Elmore, Robins purported to act on behalf of Gentleman of the Internet, LLC.

Per the Contract, Leadspring transferred the website files and data to Robins. Robins made several installment payments to Leadspring pursuant to the Contract. Robins then suddenly stopped making the payments, leaving $686,695.00 due to Leadspring.

Leadspring filed suit in this Court, alleging a breach of contract claim against William R.

Robins a/k/a Will Robins d/b/a Gentleman of the Internet, LLC. Leadspring then amended its complaint to include Gentlemen[1] of the Internet, LLC as a Defendant. As alleged in the amended complaint, Gentlemen of the Internet, LLC is a Wyoming limited liability company conducting business from Arkansas. ECF No. 33, ¶¶ 3, 23. It appears that Gentlemen of the Internet, LLC filed its articles of incorporation on April 2, 2019, one day before the Contract was signed. Leadspring alleges that no limited liability company having the name "Gentleman of the Internet, LLC" existed at the time the Contract was signed.

Leadspring filed a Motion for Order of Default, asking the Court to grant a finding of default against Gentlemen of the Internet, LLC. ECF No. 43. The Court found Gentlemen of the Internet, LLC to be in default but deferred the entry of judgment until after the disposition of the claim against Robins. ECF No. 63.

Leadspring now asks the Court to grant summary judgment in its favor against Robins on the breach of contract claim, which is the sole claim in this case. Robins has not responded to the motion.

## II. LEGAL STANDARD

"Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quotation omitted). A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either

---

[1] The Court notes the subtle difference between "Gentleman" of the Internet, LLC and "Gentlemen" of the Internet, LLC.

party. *Id*. at 252. "There is no genuine issue of material fact when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Zimmerli v. City of Kansas City, Missouri*, 996 F.3d 857, 862-63 (8th Cir. 2021) (quotation omitted).

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). "The party moving for summary judgment generally has the burden of demonstrating the absence of any genuine issues of material fact." *Zimmerli*, 996 F.3d at 863. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of a ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. DISCUSSION

As an initial matter, the Court notes that Robins's failure to respond to Leadspring's summary judgment motion is not sufficient to dispose of the motion. *See Canada v. Union Elec. Co.*, 135 F.3d 1211, 1213 (8th Cir. 1997) ("When a motion would be dispositive of the merits of the cause if granted, courts should normally not treat a failure to respond to the motion as conclusive."). Thus, the Court must examine the record and decide if the motion is well taken. *Id*. Accordingly, the Court will proceed to the merits of Leadspring's motion and decide whether summary judgment is appropriate.

"To succeed on a breach-of-contract claim, the plaintiff must show (1) the existence of a contract; (2) an obligation on the part of the defendant under the contract; (3) a failure to perform

3

the obligation, and (4) resulting damages." *Barrows/Thompson, LLC v. HB Ven II, LP*, 2020 Ark. App. 208 at *15, 599 S.W.3d 637, 647 (Ark. App. 2020).

Leadspring argues that it entered into a contract with Robins. Leadspring notes that Robins authored the Contract and signed the Contract. Thus, Leadspring concludes that a contract existed between it and Robins. In its Statement of Facts, Leadspring makes additional assertions: (1) that Robins "held himself out to Matt Elmore as the Buyer, and he purported to act on behalf of "Gentleman of the Internet, LLC," ECF No. 55, ¶ 8; and (2) Robins possessed no authority to act on behalf of Gentleman of the Internet when he authored and signed the Contract, ECF No. 55, ¶ 11. Leadspring argues that the Contract was actually between Leadspring and Robins but offers no legal authority to support this argument.

The Contract identifies the "Buyer" as Gentleman of the Internet, LLC. However, it appears that, at the time the Contract was signed, Gentleman of the Internet, LLC did not exist as a limited liability company. While it might be true that one who purports to act on behalf of a nonexistent entity can be held personally liable on the contract, the Court requires citation to legal authority before it will consider this argument.

To grant summary judgment in favor of Leadspring, the Court must find, among other things, that a contract existed between Leadspring and Robins and that Robins was obligated to make payments to Leadspring. With no legal authority cited to support Leadspring's conclusory assertion that the Contract was between it and Robins, the Court is hesitant to find that Robins is a party to the Contract. Leadspring must offer some legal authority showing that Robins is personally liable. Accordingly, the Court cannot find that Leadspring is entitled to summary judgment against Robins on the breach of contract claim.

## IV. CONCLUSION

For the reasons stated above, the Court finds that the Motion for Summary Judgment (ECF No. 54) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 7th day of April, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge
